UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY KLENKE,

    Plaintiff,

vs.

MARIO CUNNINGHAM,
and GREG SKIPPER,
in their individual capacities,

    Defendants.

Case No. 1:21-cv-193

Hon. Paul L. Maloney

_____

| | |
|---|---|
| Hannah R. Fielstra (P82101)<br>Kevin S. Ernst (P44543)<br>ERNST CHARARA & LOVELL, PLC<br>Attorneys for Plaintiff<br>645 Griswold, Ste. 4100<br>Detroit, MI 48226<br>(313) 965-5555 / (313) 965-5556<br>hannah@ecllawfirm.com<br>kevin@ecllawfirm.com | Jeanmarie Miller (P44446)<br>Attorney for Defendant Greg Skipper<br>Michigan Department of Attorney General<br>Civil Litigation, Employment & Elections Division<br>P. O. Box 30736<br>Lansing MI 48909<br>(517) 335-7659<br>millerj51@michigan.gov |
| | Aaron L. Davis (P77406)<br>Fraser Trebilcock Davis & Dunlap, P.C.<br>Attorneys for Defendant Cunningham<br>124 W. Allegan, Suite 1000<br>Lansing, Michigan 48933<br>(517) 482-5800<br>adavis@fraserlawfirm.com |

_____

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**

Plaintiff Kristy Klenke, by and through her attorneys Ernst Charara & Lovell, PLC, and pursuant to this Honorable Court's scheduling order, ECF No. 15, states as follows for her Motion for Leave to File First Amended Complaint:

1. This is a lawsuit for money damages arising out of events which after February 2019, when Plaintiff Kristy Klenke was hired by the Michigan Department of Corrections as a corrections officer at the Michigan Reformatory facility.

2. Plaintiff alleges that she was sexually harassed by her supervisor, Defendant Cunningham on an ongoing basis.

3. In September of 2019, Plaintiff filed her first complaint for discriminatory harassment within the Michigan Department of Corrections.

4. The investigation was assigned to Steve Barber of the Internal Affairs Office, which upon information and belief, is overseen by Kathy Warner of the Office of Executive Affairs.

5. Plaintiff alleges that in March of 2020, Defendant Cunningham allegedly had a disciplinary hearing. After that hearing, despite Ms. Klenke's complaint being substantiated by Internal Affairs Chief Stephen Marschke, the outcome of the investigation was changed and Ms. Klene's claims were declared "unfounded."

6. Upon information and belief, Defendant Warner and/or Defendant Barber changed the outcome of Ms. Klenke's complaint or had supervisory authority over the person who did, and has a pattern and practice of changing results of investigations or instructing others to do so on her behalf.

7. Plaintiff filed the instant lawsuit on February 26, 2021.

8. Subsequent to the filing of this Complaint, Plaintiff became aware of additional facts and individuals involved in the events stated in her Complaint.

9. While Plaintiff initially named Kathy Warner as a Defendant, she was unable to locate Defendant Warner's home address during the pandemic when a majority of state employees were working from home.  Upon statements by the Assistant Attorney General, Ms. Warner is available for service in her office.  Ms. Warner was dismissed *without prejudice* on May 27, 2021.

10. Since then, Plaintiff has become aware of other facts that involve Ms. Warner and/or the employees she oversees, specifically regarding the way in which Plaintiff's complaints around Defendant Cunningham were handled and Plaintiff's State of Michigan email account which she learned from the Department of Technology Management and Budget could not be reinstated and she had to get a new email account with the State.

11. As a result, Ms. Klenke lost access to all emails reporting and documenting Defendant Cunningham's harassment and the mishandling of the

investigation by Kathy Warner, Steve Barber and Defendant Skipper, including text message screenshots, emails with Steve Barber regarding both investigations, and notes and information regarding Ms. Klenke's interviews for the Cunningham investigations.

12. Further, Plaintiff believes that Steve Barber, who was in charge of Plaintiff's complaints against Defendant Cunningham is in the Internal Affairs Office which is overseen by the Office of Executive Affairs, headed by Kathy Wagner.

13. Plaintiff was told by DTMB that the Office of Internal Affairs have requested that DTMB disable accounts in the past, but generally are able to recover the emails.

14. Plaintiff was further informed that there are only two administrators for the facility who have access to her account, but everyone else who has access would be in Lansing, presumably with the Office of Internal Affairs.

15. Plaintiff has a good faith basis for believing that Kathy Warner and Steve Barber are involved in events surrounding the mishandled investigation of Defendant Cunningham.

16. On August 4, 2021, a scheduling order was entered in this matter that permits the parties to file Motions to Join Parties or Amend Pleadings until October 25, 2021.

17. Discovery is set to close January 24, 2022.

18. Counsel for Plaintiff sought concurrence with Defense Counsel for Defendant Cunningham on October 19, 2021 via telephone and Counsel for Defendant Skipper via email wherein Counsel explained the nature and legal basis for the instant motion. Counsel for Defendants did not concur in the instant motion.

19. There is no prejudice to the Defendants or proposed Defendants in allowing an amendment at this time, nor is there a dilatory motive or undue delay or any other reason that weighs in favor of denying Plaintiff the opportunity to amend her Complaint.

20. Plaintiff further reserves the right to add new claims and parties as they become known.

WHEREFORE, for the foregoing reasons and those stated in the attached Brief in Support, Plaintiff respectfully requests that this Honorable Court grant her Motion for Leave to File First Amended Complaint and enter an Order that the clerk shall accept the proposed First Amended Complaint attached as <u>Exhibit 1</u>, pursuant to L Civ R 5.7(f). Plaintiff further requests that summonses be issued for the following proposed Defendants:

- Kathy Warner, Office of Executive Affairs

- Stever Barber, Office of Internal Affairs

        Respectfully submitted,

        */s/ Hannah R. Fielstra*
        HANNAH R. FIELSTRA (P82101)
        **Ernst Charara & Lovell, PLC**
        Attorneys for Plaintiff
        645 Griswold Street, Suite 4100
        Detroit, Michigan 48226
        (313) 965-5555
        hannah@ecllawfirm.com

Dated: October 20, 2021

# **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Motions to amend a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise, the party may amend only by leave of court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). In *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id* at 182.

As the United States Supreme Court stated in *United States v. Hougham*, 5 L. Ed. 2d 8 (1960).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

> futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Hougham,* 5 L. Ed. 2d at 14 (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). As such, the rule "plainly embodies a liberal amendment policy." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

Here, none of the factors counseling against amendment are present. In addition to additional facts, Plaintiff also seeks to add two parties/entities as Defendants. Namely, Plaintiff seeks to add Kathy Warner and Steve Barber. While Ms. Warner was initially named and dismissed without prejudice, Plaintiff wishes to amend her complaint to add additional involvement in the events stated in Plaintiff's Complaint as to these individuals.

Moreover, there is no bad faith or dilatory motive on Plaintiff's behalf. While Plaintiff's complaint was filed in February of 2021, the parties have not yet engaged in any discovery and the Initial Case Management Order was entered on August 4, 2021 outlining the timeline of this case, and the parties have just entered the formal discovery period. ECF No. 15. As contemplated by the Order, the parties have agreed that Motions to Join Parties or Amend Pleadings may be filed until October 25, 2021. As such, Plaintiff's instant Motion is well within the contemplated timeline agreed upon by the parties.

Further, the parties recently exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26, wherein Plaintiff identifies Steve Barber and Kathy Warner as individuals with involvement in Plaintiff's claims. Defendant Skipper additionally identified Warner and Barber's involvement.  As noted by Defendant Skipper, "MDOC employees likely have discoverable information about Kristie Klenke's job performance, her claims of alleged discrimination, harassment and retaliation, what actions were taken with regard to the claims made by Klenke, any work rule investigations of Klenke and any action taken as a result of those investigations and about the documents outlined below."   Warner and Barber were both listed under that paragraph.

Accordingly, there is no prejudice, let alone "undue prejudice" to the currently named Defendants caused by permitting Plaintiff to add the proposed Defendants or additional facts. The case has just entered discovery, which does not close until January 24, 2022.  As such, the Defendants are still fully able to mount their defenses and fully develop their legal theories. Moreover, given that the proposed added Defendants are all expressly identified in both Plaintiff's initial disclosures and Defendant Skipper's disclosures, and both involved in the investigation and complaints filed against Defendant Cunningham, there should be no surprise to their involvement herein. There is also no prejudice to the proposed Defendants, as the statute of limitations periods have not yet expired, and Plaintiff is still well within

her rights to bring new causes of action against them if need be. However, in the interests of judicial economy and to conserve the resources of the parties, Plaintiff seeks vindication of his Civil Rights against all involved individuals and entities in the same case.

WHEREFORE, for the foregoing reasons and those stated in the attached Brief in Support, Plaintiff respectfully requests that this Honorable Court grant her Motion for Leave to File First Amended Complaint and enter an Order that the clerk shall accept the proposed First Amended Complaint attached as <u>Exhibit 1</u>, pursuant to L Civ R 5.7(f). Plaintiff further requests that summonses be issued for the following proposed Defendants:

- Kathy Warner, Office of Executive Affairs
- Steve Barber, Office of Internal Affairs

                              Respectfully submitted,

                              */s/ Hannah R. Fielstra*
                              HANNAH R. FIELSTRA (P82101)
                              **Ernst Charara & Lovell, PLC**
                              Attorneys for Plaintiff
                              645 Griswold Street, Suite 4100
                              Detroit, Michigan 48226
                              (313) 965-5555
                              hannah@ecllawfirm.com

Dated: October 20, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, the foregoing document was electronically served on the above-noted attorneys of record using this Court's e-filing (ECF) system, which will provide notice of such service.

*/s/ Hannah R. Fielstra*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Brief, including headings, footnotes, citations, and quotations, contains 836 words and that this word court was confirmed using Microsoft Word 365.

*/s/ Hannah R. Fielstra*